UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---

| UNITED STATES OF AMERICA | |
|---|---|
| v. | 94-cr-631 (SHS) |
| ANTHONY POPE, | <u>OPINION & ORDER</u> |
| Defendant. | |

---

SIDNEY H. STEIN, U.S. District Judge.

    Defendant Anthony Pope has moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). Pope was sentenced in 1999 to a life sentence for racketeering, murder in aid of racketeering, use of interstate commerce facilities for murder for hire, and conspiracy to distribute heroin and cocaine.

    Section 3582(c)(1)(A), the "compassionate release" statute, permits a court to reduce a defendant's sentence if 1) "extraordinary and compelling reasons warrant such a reduction"; 2) the reduction would be consistent with "the factors set forth in section 3553(a)," 18 U.S.C. § 3582(c)(1)(A); and 3) the reduction would be consistent with any applicable policy statements issued by the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).[1]

    Pope's motion fails because he has not shown "extraordinary and compelling reasons" meriting a sentence reduction, and any reduction would not be consistent with the section 3553(a) factors. Pope argues that ████████████████████ his serious medical conditions, and his rehabilitation while incarcerated combine to meet the exacting "extraordinary and compelling reasons" standard. *Id.* at 2. The Court will address each of Pope's points in turn.



---

[1] A defendant must also exhaust his administrative remedies prior to bringing suit. Pope has done so. (Def.'s Mot., Ex. 4)

■■■

Second, Pope contends that his serious medical conditions warrant granting his motion. Specifically, he states that his age, weight, and medical conditions make him unusually susceptible to the most severe effects of COVID-19. Although Pope does have an elevated BMI and suffers from diabetes and hypertension, this Court and others have found that "if preexisting medical conditions such as obesity were the end of the compassionate-release inquiry, every inmate who suffers from a COVID-19 risk factor would be entitled to release." United States v. Lindo, No. 15-Cr-854, 2020 WL 5038766, at *1. *See also* United States v. Suarez, No. 16-CR-453, 2020 WL 7646888, at *4 (S.D.N.Y. Dec. 23, 2020) ("[N]umerous courts in this Circuit have continued to hold that obesity . . . does not constitute 'extraordinary and compelling' circumstances calling for relief.").

Furthermore, Pope is fully vaccinated, and his BOP medical records show that he contracted COVID-19 in January of 2022 and experienced mild or no symptoms. (Gov.'s Opp., Exs. E and F) Several courts have found that "the fact that a defendant is fully vaccinated weighs heavily against granting release." United States v. Jaber, 13 Cr. 485, 2022 U.S. Dist. LEXIS 1346, at *6-7 (S.D.N.Y. Jan. 4, 2022). *See also* United States v. Jones, 17 Cr. 214, 2021 WL 4120622, at *2 (S.D.N.Y. Sept. 9, 2021); and United States v. Santana, 18 Cr. 865, 2021 U.S. Dist. LEXIS 86975, at *2 (S.D.N.Y. May 6, 2021). In addition, USP Coleman II, where Pope resides, currently has just three positive cases of COVID-19 among staff and zero cases among inmates. *BOP: COVID-19 Update*, Fed. Bureau Prisons, https://www.bop.gov/coronavirus/ (last updated Nov. 1, 2022). While this Court does not dispute the gravity of the COVID-19 pandemic, numerous courts have found that "the risks posed by the pandemic alone do not constitute extraordinary and compelling reasons for release." United States v. Nwankwo, No. 12-cr-31, 2020 WL 2490044, at *1 (S.D.N.Y. May 14, 2020).

Third, Pope argues that his rehabilitation, as evidenced by his obtaining a GED and having an "nearly exemplary" disciplinary record while incarcerated, contributes to a finding of "extraordinary and compelling" reasons. (Def.'s Mot. at 5) The Court commends Pope on obtaining his GED, but "every inmate should strive for a productive institutional record while incarcerated because that is what is expected." United States v. Saleh, No. 93CR181, 2020 WL 3839626, at *4 (S.D.N.Y. July 8, 2020). In addition, although defendant claims that he has had only six infractions in the nearly thirty years he has been incarcerated, (Def.'s Mot. at 12), his BOP disciplinary record in fact lists twenty-seven infractions, including violations for drug use and assault. (Gov.'s Mot., Ex. H) Although it is true that Pope has had no infractions since 2016, twenty-seven infractions can hardly be considered "nearly exemplary."

In sum, the Court finds that the arguments Pope proffers do not constitute, either separately or in combination, extraordinary and compelling reasons for a sentence reduction.

Next, even if the Court found "extraordinary and compelling reasons" to exist here—which it does not—a reduction in Pope's sentence would not be consistent with the section 3553(a) factors. These factors require the Court to consider, *inter alia*, "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," as well as "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." 18 U.S.C. § 3553(a)(2)(A), (a)(4)(A).

Pope submits that his "history and characteristics" weigh in favor of release, yet cites simply his age, medical conditions, and length of incarceration in support of that contention. He claims that he is remorseful for his actions but continues to insist that he was "never the kingpin and was acting under the orders of another" and that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Def.'s Mot. at 57, 62) He contends that a sentence of time-served would avoid unwarranted sentencing disparities between him and his codefendants. However, multiple codefendents are still serving long sentences, and those that cooperated with the government cannot be considered for the purposes of this argument. He argues that his medical issues have gone "unaddressed by the BOP," yet he provides no evidence to support that claim.

Finally, Pope maintains that a sentence of time-served would appropriately reflect the seriousness of his offense. But Pope's offenses were of the utmost seriousness—he murdered at least seven people, including completely innocent individuals who were uninvolved in the drug trafficking organization of which he was a member. (Presentence Investigation Report at 45) This Court cannot agree that a sentence of time-served would sufficiently reflect the seriousness of these offenses, promote respect for the law, or provide just punishment.

Pope has not demonstrated that a reduction in his sentence is warranted. Not only has he failed to demonstrate "extraordinary and compelling reasons" that would justify a reduction, but such a reduction would be inconsistent with the factors set forth in 18 U.S.C. § 3553(a). Accordingly, Pope's motion for a sentence reduction is denied.

Dated: New York, New York
November 1, 2022

SO ORDERED:

*Sidney H. Stein*

Sidney H. Stein, U.S.D.J.