UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

ANTHONY POPE,

Defendant.

94-cr-631 (SHS)

ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

In a November 1, 2022 Opinion and Order, this Court denied defendant Anthony Pope's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 567.) Pope was sentenced in 1999 to a life sentence for racketeering, murder in aid of racketeering, use of interstate commerce facilities for murder for hire, and conspiracy to distribute heroin and cocaine. Pope's motion was denied because he failed to meet the "extraordinary and compelling reasons" standard under 18 U.S.C. § 3582(c)(1)(A)(i) and a sentence reduction would not have been consistent with the factors set forth in 18 U.S. Code § 3553(a). More than four months later, on March 13, 2023, Pope moved *pro se* for reconsideration of this Court's decision. (ECF No. 569.)

I. MOTION FOR COMPASSIONATE RELEASE

As discussed at greater length in this Court's prior Opinion and Order, 18 U.S.C. § 3582(c)(l)(A), the "compassionate release" statute, permits a court to reduce a defendant's sentence if 1) "extraordinary and compelling reasons warrant such a reduction"; 2) the reduction would be consistent with "the factors set forth in section 3553(a)," 18 U.S.C. § 3582(c)(l)(A); and 3) the reduction would be consistent with any applicable policy statements issued by the United States Sentencing Commission. 18 U.S.C. § 3582(c)(l)(A).

Pope raised various arguments in support of his earlier motion, including his medical conditions and his efforts at rehabilitation. However, the Court found that Pope's medical conditions were not "extraordinary and compelling," that he was not at particular risk for complications from COVID-19, and that his efforts at rehabilitation could hardly be considered exemplary, noting that Pope's BOP disciplinary record listed twenty-seven infractions, including violations for drug use and assault. The Court further determined that even if "extraordinary and compelling reasons" were found to exist in this case—which they were not—a reduction in Pope's sentence would not be consistent with the section 3553(a) factors. The Court observed that "Pope's offenses were of the utmost seriousness—he murdered at least seven people, including

completely innocent individuals who were uninvolved in the drug trafficking organization of which he was a member." *United States v. Pope*, 2022 U.S. Dist. LEXIS 225499, at *5 (S.D.N.Y. 2022).

II. MOTION FOR RECONSIDERATION

Pope now moves for reconsideration of this Court's Opinion and Order denying him compassionate release. As a threshold matter, Pope's motion is untimely. Under Local Criminal Rule 49.1(d), a motion for reconsideration "shall be filed and served within fourteen (14) days" of the Court's decision and explain "the matters or controlling decisions which counsel believes the Court has overlooked." Local Crim. R. 49.1(d).[1] The Court issued its Opinion and Order denying Pope's motion for a sentence reduction on November 1, 2022 and Pope filed his motion for reconsideration more than four months later on March 13, 2023. This untimeliness alone is a sufficient basis for denial. *See, e.g., United States v. Yannotti*, 457 F. Supp. 2d 385, 390 (S.D.N.Y. 2006).

However, even if this Court were to excuse Pope's untimely filing, the motion would still fail. The standards "governing criminal reconsideration motions are 'largely the same' as those governing civil reconsideration motions." *Simon v. United States*, 2021 U.S. Dist. LEXIS 13368, at *2 (S.D.N.Y. Jan. 25, 2021). The moving party must "point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 256-57 (2d Cir. 1995) (noting that the standard for granting motions for reconsideration is "strict").

The major bases for reconsideration are "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). Pope has not met this standard. His motion for reconsideration merely reiterates one of the many arguments in his original motion, i.e., that the First Step Act of 2018 and other federal sentencing reforms justify a recalculation of his sentence. (ECF No. 569, at 2.) The Court had considered and rejected this point, among others, when denying Pope's original motion for compassionate release. Pope does not identify any evidence that would affect the Court's earlier conclusion, and, as the Second Circuit has explained, a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories . . . or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012).

---

[1] Pope brings his motion pursuant to Local Civil Rule 6.3. However, because the motion for reconsideration was filed with respect to a compassionate release motion in a criminal case, it is more properly governed by Local Criminal Rule 49.1(d). (Both specify a 14-day deadline for the filing of motions for reconsideration.)

CONCLUSION

For the reasons set forth above, Pope's motion for reconsideration of this Court's November 1, 2022 Opinion and Order is denied.

Dated: New York, New York
April 17, 2023

SO ORDERED:

*Sidney H. Stein*

Sidney H. Stein, U.S.D.J