UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

ANTHONY POPE,

Defendant.

94-cr-0631 (SHS)

OPINION & ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

Defendant Anthony Pope has moved, *pro se*[1] and now for the second time,[2] for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), commonly referred to as the "compassionate release" statute. (Dkt. No. 573.) For the reasons set forth below, the motion is denied.

Judge John Martin sentenced Pope in 1999 to life imprisonment for racketeering in violation of 18 U.S.C. § 1962(c), use of interstate commerce facilities for murder for hire 18 U.S.C. §§ 1958 and 2, conspiracy to distribute heroin and cocaine in violation of 21 U.S.C. § 846, and seven counts of murder in aid of racketeering in violation of 18 U.S.C. §§ 1959(a)(1) and 2. *United States v. Pope,* No. 94-cr-0631 (S.D.N.Y. Feb. 8, 1999) (Dkt. No. 320), *aff'd,* No. 99-1070 (2d Cir. Dec. 29, 1999), *cert. denied,* No. 00-5011 (Oct. 2, 2000). Defendant is now sixty-five years old.

---

[1] Attorney Paul McAllister previously informed the Court that Pope and his family had contacted McAllister in regard to potentially representing defendant in this motion although they had not come to an agreement. (Dkt. No. 574.) The Court directed McAllister to file a notice of appearance by August 18, 2025, if he intended to represent Pope or the Court would adjudicate the defendant's pending *pro se* motion. (Dkt. No. 577.) No notice of appearance has been filed to date by any attorney for Pope.

[2] *See United States v. Pope,* No. 94-cr-631, 2022 WL 18276930 (S.D.N.Y. Nov. 1, 2022) (denying relief because defendant had failed to show "extraordinary and compelling reasons" to warrant a sentence reduction, and any such a reduction would have been inconsistent with the factors set forth in 18 U.S.C. § 3553(a)). Defendant had also moved for a sentence reduction once before that. (Dkt. No. 474) That motion was transferred to the United States Court of Appeals for the Second Circuit and treated as a motion pursuant to 28 U.S.C. § 2255. (Dkt. No. 476.) That motion was denied because Defendant failed to satisfy the requirements of 28 U.S.C. § 2255(h). (Dkt. No. 477.)

In his motion, Pope asserts that Amendment 782 to the United States Sentencing Guidelines lowers the Guidelines sentencing range that would be applicable today, and that a reduction would be consistent with the applicable policy statements issued by the Sentencing Commission. (Dkt. No. 573 at 2.)

Section 3582 permits the Court to modify a term of imprisonment for "extraordinary and compelling reasons." "The defendant bears the burden of proving he is entitled to compassionate release." *United States v. Laford*, No. 11-cr-1032, 2024 WL 3778890, at *2 (S.D.N.Y. Aug. 12, 2024) (citing *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992)). Section 1B1.13(b) of the United States Sentencing Guidelines provides guidance on what constitutes extraordinary and compelling circumstances in a motion for compassionate release. *See* U.S.S.G. § 1B1.13(b).

A change in the law such as Amendment 782 may be considered in determining whether extraordinary and compelling reasons are present, "but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances." U.S.S.G. § 1B1.13(b)(6).

No such disparity arises here. Although Amendment 782 to the Sentencing Guidelines changes certain base offense levels in the Section 2D1.1 Drug Quantity Table, Pope's seven counts of murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(1) each carry a mandatory minimum sentence of life imprisonment. *See United States v. James*, 239 F.3d 120, 127 (2d Cir. 2000).

The Court has also considered each of the factors set forth in 18 U.S.C. § 3553(a) and finds that they weigh against a reduction of defendant's sentence pursuant to 18 U.S.C. § 3582(c). These factors require the Court to consider, *inter alia*, "the nature and circumstances of the offense and the history and characteristics of the defendant," and "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(1), (a)(2)(A). Pope murdered at least seven people, including innocent individuals uninvolved in the drug trafficking organization to which Pope belonged. *United States v. Pope*, 2022 WL 18276930, at *2.

Pope has not demonstrated that a reduction is warranted pursuant to Section 3582(c). He has failed to identify extraordinary and compelling reasons warranting a reduction, and a reduction would be inconsistent with the factors set forth in 18 U.S.C. § 3553(a).

Defendant also asserts that his sentence is "procedurally and substantively unreasonable" because he was "granted immunity from prosecution" for testifying before a grand jury. (Dkt. No. 573 at 3) Defendant's claim is not factually correct: there

is no evidence in the record that he was granted immunity from prosecution. As such, this contention provides no basis for reducing his sentence.[3]

Accordingly, defendant's motion for a sentence reduction is denied, (Dkt. No. 573) as is his accompanying request for the appointment of counsel. (Dkt. No. 578.)

The Clerk of Court is directed to mail a copy of this Opinion & Order to defendant as follows: Anthony Pope [32493-054] at FCI Fairton, Federal Correctional Institution, P.O. Box 420, Fairton, NJ 08230.

Dated: New York, New York
August 28, 2025

SO ORDERED:

Sidney H. Stein, U.S.D.J.

---

[3] To the extent that his contention that his sentence was "procedurally and substantively unreasonable" constitutes a motion pursuant to 28 U.S.C. § 2255, it would be successive and cannot be filed without leave of the United States Court of Appeals for the Second Circuit. *See Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998). In fact, defendant has previously filed five such motions, each of them unsuccessful: *United States v. Pope*, No. 94-cr-0631 (S.D.N.Y. Oct. 11, 2016) (Dkt. Nos. 467, 468, 470, 477) (denied as failing to satisfy the requirements of 28 U.S.C. § 2255); *United States v. Pope*, No. 94-cr-0631 (S.D.N.Y. Jan. 21, 2016) (Dkt. Nos. 456, 457, 458) (denied as successive); *United States v. Pope*, No. 94-cr-0631 (S.D.N.Y. Jul. 21, 2015) (Dkt. Nos. 454, 455) (denied as successive); *Pope v. United States*, No. 11-cv-9720 (S.D.N.Y. Jan. 23, 2012) (Dkt. Nos. 449, 453) (transferred to the Second Circuit and denied as successive and failing to meet the requirements of 28 U.S.C. § 2255(h)); *Pope v. United States*, No. 11-cv-2799 (S.D.N.Y. Jul. 5, 2011) (Dkt. Nos. 446, 447) (denied as time barred).

3