UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------

UNITED STATES OF AMERICA

v.

ANTHONY POPE,

Defendant.

94-cr-0631 (SHS)

ORDER

---------------------------------------------------------

SIDNEY H. STEIN, U.S. District Judge.

Defendant Anthony Pope has moved *pro se* for Judicial Notice pursuant to Fed. R. Evid. 201(b)(2) and (e). (Dkt. No. 583.) He requests that a hearing be held on this request, that the Court declare that his constitutional rights were violated, order that his entire criminal prosecution be void *ab initio*, and that the Court order his release. For the reasons set forth below, the motion is denied.

Pope waived indictment by a grand jury and was charged by an information on June 1, 1995. (Dkt. Nos. 37, 38.) Pope pled guilty and Judge John Martin sentenced him to life imprisonment for racketeering in violation of 18 U.S.C. § 1962(c), use of interstate commerce facilities for murder for hire 18 U.S.C. §§ 1958 and 2, conspiracy to distribute heroin and cocaine in violation of 21 U.S.C. § 846, and seven counts of murder in aid of racketeering in violation of 18 U.S.C. §§ 1959(a)(1) and 2. (Dkt. No. 320); *see United States v. Pope*, No. 94-cr-631, 2003 WL 21271915 (S.D.N.Y. May 30, 2003), *aff'd*, 124 F. App'x 680 (2d Cir. 2005). Pope has moved twice previously for compassionate release and five times for relief pursuant to 28 U.S.C. § 2255.[1]

---

[1] *See United States v. Pope*, No. 94-cr-0631, 2025 WL 2479889 (S.D.N.Y. Aug. 28, 2025) (denying relief because defendant had failed to show "extraordinary and compelling reasons" to warrant a sentence reduction, and any such a reduction would have been inconsistent with the factors set forth in 18 U.S.C. § 3553(a)); *United States v. Pope*, No. 94-cr-631, 2022 WL 18276930 (S.D.N.Y. Nov. 1, 2022) (same). Pope has also filed five motions pursuant to 28 U.S.C. § 2255, each of them unsuccessful: *United States v. Pope*, No. 94-cr-0631 (S.D.N.Y. Oct. 11, 2016) (Dkt. Nos. 467, 468, 470, 477) (denied as failing to satisfy the requirements of 28 U.S.C. § 2255); *United States v. Pope*, No. 94-cr-0631 (S.D.N.Y. Jan. 21, 2016) (Dkt. Nos. 456, 457, 458) (denied as successive); *United States v. Pope*, No. 94-cr-0631 (S.D.N.Y. Jul. 21, 2015) (Dkt. Nos. 454, 455) (denied as successive); *Pope v. United States*, No. 11-cv-9720 (S.D.N.Y. Jan. 23, 2012) (Dkt. Nos. 449, 453) (transferred to the Second Circuit and denied as successive and failing to meet the

Pope requests that this court take judicial notice of his "December 30, 1994, subpoena to appear before a United States Grand Jury," his "undisclosed grants and signed immunity" concerning his "three (3) undisclosed immunized interviews," of the Grand Jury proceedings, and the United States Court of Appeals for the Second Circuit's acknowledgement that [Pope] was granted immunity from prosecution in exchange for his Grand Jury testimony." (Dkt. No. 583 at 1.) Pope notes that his motion is based on that part of this Court's Order of August 28, 2025 where the Court wrote that "there is no evidence in the record that [Pope] was granted immunity from prosecution."[2] *Pope*, 2025 WL 2479889, at *2; (*Id.*) Pope contends that these facts mean that the government lacked the power to prosecute him, divesting the Court of jurisdiction to entertain the case.

Pope has not provided any evidence of an undisclosed, signed grant of immunity beyond attaching the same 1994 Request for Production of a Federal Prisoner. This document does not demonstrate that Pope was granted immunity from prosecution. It also does not show that any of Pope's statements were immunized from use against him. Without any evidence, the Court is unable to take judicial notice of the immunity that Pope claims he was granted.

Federal Rule of Evidence 201 allows a court to "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). There is no evidence that Pope was granted immunity, and therefore, Rule 201 does not allow the Court to take judicial notice of this fact. For this reason, the Court is unable to grant Pope's request for judicial notice.

---

requirements of 28 U.S.C. § 2255(h)); *Pope v. United States*, No. 1l-cv-2799 (S.D.N.Y. Jul. 5, 2011) (Dkt. Nos. 446, 447) (denied as time barred).

[2] In Pope's most recent motion for compassionate release, filed July 30, 2024, he stated that he "was subpoenaed to testify before a grand jury and granted immunity from prosecution." (Dkt. No. 573 at 3.) In that filing, and in several prior filings, he had enclosed the United States Attorney for the Southern District of New York's Request for Production of a Federal Prisoner in the Custody of the United States Pursuant to Title 18, United States Code, Section 3621(d), dated December 29, 1994. (This same document is reattached to Pope's instant motion. (Dkt. No. 538 at 5.)) In reviewing Pope's motion, the Court stated, "Defendant's claim is not factually correct: there is no evidence in the record that he was granted immunity from prosecution. As such, this contention provides no basis for reducing his sentence." *Pope*, 2025 WL 2479889, at *2. Because Pope had stated that the grant of immunity from prosecution caused Pope's sentence to be procedurally and substantively unreasonable, the Court also reviewed this particular claim as a motion pursuant to 28 U.S.C. § 2255. The Court determined that such a motion would be successive and not reviewable by the Court. *See id.* at *2 n.3.

As to any statements he allegedly made in the grand jury proceedings pursuant to 18 U.S.C. § 6002, Pope's motion similarly lacks merit or any basis upon which to grant him relief. Pope states that the Assistant United States Attorneys violated his Fifth Amendment rights in the grand jury interviews, and that review of undisclosed interviews will demonstrate that his Fifth Amendment Rights were in fact violated. He states that he was "compelled" to attend the Grand Jury proceedings and that any statements in the grand jury were testimonial and not available to be used against him. (Dkt. No. 583 at 2.)

First, Pope has not provided any evidence that those statements were in fact used to prosecute him. The information filed against him contains no reference to any statements that Pope putatively made to the grand jury or in any interviews. (*See* Dkt. No. 37.) Pope pled guilty to his crimes, thereby waiving his right to challenge the sufficiency of the evidence against him and to dispute any statement that he or his attorney believed could not be introduced as evidence against him. Pope has not identified any support for his claim that his Fifth Amendment rights were violated as to statements allegedly made either in interviews or in grand jury proceedings.

Second, 18 U.S.C. § 6002 provides that no testimony or other information compelled under an order pursuant to that section "may be used against the witness in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the order." It simply prevents the government from using those statements against the defendant. *See Kastigar v. U.S.*, 406 U.S. 441, 452 (1972) (section 6002 contains an "explicit proscription of the use in any criminal case of" testimony compelled under it.) On top of the fact of Pope's guilty plea, he has provided no specific evidence that testimonial or compelled statements were used against him.

Third, if Pope's claim that the Southern District of New York U.S. Attorney's Office committed "Substantial Constitutional Violations" in Pope's prosecution is understood as a motion pursuant to 28 U.S.C. § 2255, then his motion would be successive and cannot be filed without leave of the United States Court of Appeals for the Second Circuit. *See Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998).

Pope claims that the Second Circuit acknowledged that he was granted immunity from prosecution. It did not. The Second Circuit was simply repeating Pope's unsubstantiated claim as follows: "[t]he essence of Petitioner's claim is that he was granted immunity from prosecution." *Anthony Pope v. United States*, No. 15-2319, Dkt. No. 18 (2d Cir. Sep. 21, 2015) (attached at Dkt. No. 538 at 5). The Second Circuit stated what Pope was saying, not their own conclusion.

3

For the reasons above, Pope's motion is hereby denied. The Clerk of Court is directed to send a copy of this Order by U.S. Mail to defendant Anthony Pope [32493-054] at FCI Fairton, Federal Correctional Institution, P.O. Box 420, Fairton, NJ 08230.

Dated: New York, New York
       February 2, 2026

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.